UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23834-BLOOM/Otazo-Reyes

MILTON BERNARD,

    Plaintiff,

v.

PUBLIX STORE,

    Defendant.
_____/

ORDER DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Milton Bernard's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied, and the case is dismissed without prejudice.

    **I.**    **LEGAL STANDARD**

Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote omitted) (citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. To establish subject matter jurisdiction, a litigant must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

## II.   DISCUSSION

Plaintiff purports to bring an action for "discrimination" against Defendant Publix Store ("Defendant"). ECF No. [1] ("Complaint"). The Complaint, however, is devoid of any factual allegations other than Plaintiff being "discriminated at Publix Store location in Miami, zip code 33169[,]" which he allegedly "recorded on [his] cellphone video camera on 10/1/21." *Id.* at 4. Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims.

As an initial matter, it is not fully clear what causes of action Plaintiff alleges or even the basis for the Court's jurisdiction. Indeed, while Plaintiff has designated this action as one for "discrimination," he has failed to set forth a single cause of action in the Complaint sufficient to invoke the Court's federal question jurisdiction. *See generally* ECF No. [1]. *See Miccosukee Tribe of Indians of Fl. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) (noting that to satisfy federal question subject matter jurisdiction, a plaintiff's complaint "must claim a right to recover under the Constitution and laws of the United States" and "a mere incantation that the cause of action involves a federal question is not always sufficient." (citations omitted)). Additionally, as stated above, Plaintiff has failed to allege a single factual allegation in support of his purported "discrimination" claim. While Plaintiff claims that he captured the discriminatory incident on his cellphone, he has not included the video with his Complaint, nor does he allege what the video would show. Accordingly, under the Court's inherent authority, the Court denies Plaintiff's Motion and dismisses the Complaint without prejudice.

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

Case No. 21-cv-23834-BLOOM/Otazo-Reyes

2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED**.

3. The Clerk shall **CLOSE** the case.

4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, November 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Milton Bernard
Address not provided